**Ehsan KHAN; Anjum Ehsan; Fatima Ehsan; Mariyah Ehsan, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–1076.**

United States Court of Appeals, Fourth Circuit.

Submitted: March 9, 2007.

Decided: April 20, 2007.

Jeremy L. McKinney, McKinney & Justice, PA, Greensboro, North Carolina, for Petitioners. Rod J. Rosenstein, United States Attorney, Allen F. Loucks, Assistant United States Attorney, Baltimore, Maryland, for Respondent.

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

240

Petition denied by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ehsan Khan, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.*

Khan challenges the immigration judge's determination that he failed to establish eligibility for asylum. To obtain reversal of an adverse eligibility determination, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We have reviewed the evidence of record and conclude that it does not compel a contrary result. Accordingly, we cannot grant Khan the relief he seeks.

Similarly, as Khan does not qualify for asylum, he is ineligible for withholding of removal. *See Camara v. Ashcroft,* 378 F.3d 361, 367 (4th Cir.2004). "Because the burden of proof for withholding of removal is higher than for asylum—even though the facts that must be proved are the same—an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." *Id.*

Finally, we also find that substantial evidence supports the finding that Khan failed to meet the standard for relief under the Convention Against Torture. To ob-

tain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2006). We find that Khan failed to make the requisite showing before the immigration court.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED.*

---

* Khan's wife, Anjum, and his daughters are derivative petitioners. 8 U.S.C.A. § 1158(b)(3)(A) (West 2005); 8 C.F.R. § 1208.21(a) (2006). All are natives and citizens of Pakistan.